GLD-183                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1605
_____

EDWARD GOODMAN,
                                    Appellant

v.

CATHERINE MCVEY and
PENNSYLVANIA BOARD OF PROBATION AND PAROLE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-cv-02403)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2011
Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: May 23, 2011)
_____

OPINION
_____

PER CURIAM

        Edward Goodman, a Pennsylvania state prisoner, appeals pro se from the District

Court's order dismissing the complaint.  Because we conclude that this appeal presents

no substantial question, we will summarily affirm.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

On August 8, 1978, Goodman took part in the confrontation between the MOVE organization and the Philadelphia police, which resulted in the deaths of eleven MOVE members, one police officer, and injuries to seven other officers and firefighters. In 1980, he was convicted of third degree murder, seven counts of attempted murder, aggravated assault, and criminal conspiracy, and was sentenced to 30 to 100 years of imprisonment. He became eligible for parole in August 2008. In October 2010, the Board denied him parole for the second time, citing as reasons: the negative recommendations from the Department of Corrections and prosecuting attorneys, Goodman's minimization of nature of his crimes, and his refusal to accept responsibility.

In November 2010, Goodman filed a complaint in the District Court under 42 U.S.C. § 1983 claiming that the defendants—the Pennsylvania Board of Probation and Parole ("the Board") and Catherine McVey, the Chairperson of the Board—violated his due process rights in denying him parole. He seeks declaratory and injunctive relief, in the form of orders requiring the Board to apply "uniform" due process procedures and to prohibit the use of immutable factors (such as the nature of the offense) to deny parole. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), and recommended that it be dismissed. After considering Goodman's objections, the District Court adopted the Report and Recommendation and dismissed the complaint. Goodman filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal under § 1915(e) for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 22 (1992). Having granted Goodman leave to proceed in forma pauperis, we must dismiss his appeal pursuant to § 1915(e)(2)(B) if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 215 (1989). Alternatively, summary action is warranted if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

## III.

Goodman argues that the Board violated his due process liberty interest in parole because its decision lacked a basis in fact and relied solely on the nature of the 32-year-old offense. He claims the Board ignored the overwhelming evidence of his parole suitability, and makes conclusory statements that the Board has an "unforgiving, no exception policy" against parole.

We agree with the District Court that Goodman's claims against the Board are prohibited by the Eleventh Amendment. Barring consent, a state or one of its agencies is immune from suit in federal court under the Eleventh Amendment. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000); see also, Quern v. Jordan, 440 U.S. 332, 340 (1979).

In addition, Goodman's claims against McVey under § 1983 cannot be sustained on the basis of respondeat superior; rather, she is liable only for her own misconduct. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The Magistrate Judge noted that Goodman did not allege that McVey was personally involved in the parole suitability determination, and thus could not be liable for an alleged constitutional violation. See

3

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Accordingly, we agree that Goodman fails to state a claim upon which relief can be granted against McVey.

The District Court also found that Goodman failed to allege facts sufficient to state a procedural due process claim. While states may, under certain circumstances, create liberty interests that are protected by the due process clause, see Sandin v. Conner, 515 U.S. 472, 484 (1995), procedural due process is generally satisfied if the procedures employed afford notice of the hearing, an opportunity to be heard, and notice of any adverse action. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979). Here, Goodman has not alleged that the defendants did not comply with these procedures.

Goodman claims that the Board's reasons for denying parole lacked a factual basis and were contrary to the record, including the evidence that he is suitable for parole. To find a substantive due process violation, Goodman would have to show that the violation involved action that shocks the conscience. See Kaucher v. County of Bucks, 455 F.3d 418, 425 (3d Cir. 2006). "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001). In this case, as the Magistrate Judge found, the Board considered more than just the nature of his offense, including Goodman's minimization of the nature of the offense and the recommendations against parole. There is no indication that the Board weighed his parole suitability factors in an arbitrary manner, let alone in a "conscience-

4

shocking" one.

Finally, we conclude that the District Court did not abuse its discretion in determining that it would be futile to allow Goodman to file an amended complaint. Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.